IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31075
Conference Calendar

_____

CHARLES J. TAYLOR,

Plaintiff-Appellant,

versus

BARON KAYLO; JASON PAUL;
RICHARD L. STALDER; E. GASFAR;
CASNOTE, Major,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-1077
- - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Charles J. Taylor, Louisiana prisoner # 342777, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous. On appeal, he argues that he was subjected to cruel and unusual punishment by prison officials. He lists numerous cases and a prison disciplinary rule that the district court allegedly overlooked when it dismissed his complaint.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Taylor does not dispute the district court's legal conclusions. He does not identify any error made by the district court other than the assertion that the court allegedly overlooked various legal authorities. *See Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995)(issues are abandoned when appellant fails to identify any error made by the district court). However, Taylor fails to explain how these alleged oversights relate to the circumstances of his case. *See id.* at 32 (conclusional assertions insufficient to maintain civil rights claim).

Taylor's appeal has no arguable basis in law or fact; therefore, it is DISMISSED as frivolous. *See King v. Howard*, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal under 28 U.S.C. § 1915 counts as a strike against Taylor. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). This court's dismissal counts as another strike. If Taylor accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

DISMISSED; SANCTIONS WARNING ISSUED.